310 F.2d 815
 63-1 USTC P 9152
 ESTATE of Dominick F. PACHELLA, Deceased, and Petronila R.
Pachella, Administratrix and Surviving Spouse of
Dominick F. Pachella, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE.
Herbert A. CHARY and Ann Chary, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE.
 Nos. 14109, 14069.
 United States Court of Appeals Third Circuit.
 Argued Dec. 11, 1962.
Decided Dec. 28, 1962.
 
 Christian Bollermann, Hackensack, N.J. (Alfred W. Kiefer, Hackensack, N.J., on the brief), for petitioners Estate of Dominick F. Pachella, deceased, and Petronila R. Pachella, administratrix and surviving spouse of Dominick F. Pachella.
 Herbert A. Chary, Hackensack, N.J., for petitioners Herbert A. Chary and Ann Chary.
 Alec. A. Pandaleon, Atty., Dept. of Justice, Washington, D.C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, William Friedlander, Attys., Dept. of Justice, Washington, D.C., on the brief), for respondent.
 Before KALODNER and FORMAN, Circuit Judges, and ROSENBERG, District judge.
 PER CURIAM.
 
 
 1
 The Commissioner of Internal Revenue disallowed the business bad debt deductions claimed by the law partnership of Pachella and Chary on their law partnership's income tax returns for the years 1950 to 1955, inclusive, 'for monies paid as guarantors of corporate indebtedness of Town and Country Cleaners', on the Commissioner's theory that Pachella and Chary were merely accommodation makers on the notes and that the subsequent payment of the notes by the law partnership merely gave rise to non-business debts which did not become totally worthless until 1955 and then became deductible only under Section 23(k) of the Internal Revenue Code of 1939. The Tax Court rejected the taxpayers' contention that they were not accommodation makers on the notes but were primarily liable thereon and that accordingly the payments made by the law partnership were, in the alternative, deductible either under Section 23(e) (1)-- losses, by individual, incurred in a trade or business--, Section 23(e) (2)-- losses incurred in any transaction entered into for profit though not connected with a trade or business--, Section 23(a)(1)(A)-- trade or business expenses--, or Section 23(a)(2)-- nontrade or nonbusiness expenses paid or incurred for production or collection of income or for the management, conservation or maintenance of property held for the production of income--, of the Internal Revenue Code of 1939. The Tax Court further held that when the law partnership paid the notes as guarantor it obtained a claim against the corporation and that the nonpayment of this claim by the corporation gave rise to a non-business debt which was deductible under Section 23(k) of the 1939 Code in the year 1955 when it became worthless.
 
 
 2
 The Tax Court also denied the claim of the petitioners that the partnership was entitled to deduct approximately a total of $40,000 in the years 1950, 1951, 1952 and 1953 for advances made to the corporation over a period of five years, holding that such deductions also only gave rise to a non-business debt deductible under Section 23(k) of the 1939 Code when it became worthless in the year 1955.
 
 
 3
 It would serve no useful purpose to here dwell on the contentions of the petitioners in view of their adequate disposition by the Tax Court in its Opinion reported at 37 T.C. 347.
 
 
 4
 On review of the record we can find no error in the Tax Court's Decision and it will be affirmed.